O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>    Plaintiff,<br><br>    v.<br><br>R. GOMEZ, et al.,<br><br>    Defendants. | Case No. CV 11-0304-VBF (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. Procedural Background

William Daughtery is a state prisoner currently serving a prison sentence for an undisclosed crime at the California Men's Colony ("CMC") in San Luis Obispo, California. He filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, along with a request for a preliminary injunction, on January 31, 2011. The complaint alleges that in December 2010, Plaintiff appeared at a hearing before a classification committee at CMC. At the conclusion of the hearing, the committee determined that Plaintiff would be transferred to an out-of-state prison facility to continue serving his sentence. Plaintiff claims that his transfer to an out of state institution would violate his rights of access to the Court, his Eighth Amendment right to medical care, and innumerable state statutes and

regulations.[1] He also claims that the transfer was ordered in retaliation for his exercise of first amendment rights to file lawsuits for himself and on the behalf of other inmates. On March 17, 2011, District Judge Valerie Baker Fairbank denied Plaintiff's request for a preliminary injunction.

**II.   Discussion and Analysis**

**A.   Duty to Screen**

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

---

[1] To the extent Plaintiff alleges violations of state laws and regulations, he has failed to state a claim upon which relief may be granted. "To state a claim under § 1983, a plaintiff must allege *the violation of a right secured by the Constitution and laws of the United States*, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(emphasis added).

2

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

As will be discussed below, the complaint is deficient on its face in most respects. However, as required by circuit precedent, the complaint will be dismissed with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

**B. Plaintiff Has No Right to be Housed in a Particular Prison**

It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution or housing unit or to be transferred from one facility to another. *Meachum v. Fano*, 427 U.S. 215, 224-228 (1976), *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause); *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004) (habeas petitioner's transfer to an out-of-state prison did not violate any substantive liberty interest protected by the Due Process Clause even where the petitioner alleged that he was forced to serve part of his sentence in a different state than where he was convicted and was unable to

1  receive visitors or see counsel). To the extent that Plaintiff claims
2  otherwise, he has failed to state a claim upon which relief may be
3  granted.

4  **C. Plaintiff Has Failed to State a Claim of Denial of Access to**
5  **the Courts**

6  Daughtery also complains generally that a transfer to an out-of-
7  state prison will deny him access to the courts to the extent that
8  it will make it more difficult to litigate other pending civil rights
9  and habeas corpus cases. "[P]risoners have a constitutional right
10 of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).
11 This right is only violated if the prisoner has suffered "actual
12 injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an
13 official action that hindered his or her pursuit of a "nonfrivolous"
14 or "arguable" underlying legal claim, *id*. at 353 & 353 n.3. *See also*
15 *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(*citing Lewis*);
16 *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007)(*citing Lewis*).
17 In other words, the prisoner must demonstrate that his legal position
18 has been somehow prejudiced in that a claim has been lost. A
19 plaintiff must show that he was actually "shut out" of court in order
20 to state a denial of access cause of action. *Christopher*, 536 U.S.
21 at 415; *Phillips*, 477 F.3d at 1076.

22 Plaintiff has failed to allege an actual injury as required by
23 *Lewis*. He simply has made conclusory allegations of access denial.
24 Plaintiff has not yet been transferred. He has not stated where he
25 might be transferred to. He has not shown that the hypothetical out-
26 of-state prison does not have the same United States postal service
27 or law library facilities as CMC, or that his ability to receive,
28 prepare and file pleadings will be impaired. There is no showing that

he would be denied access to the courts if transferred.

**D. Plaintiff has Not Shown a Violation of Federal Rule of Appellate Procedure 23(a)**

Plaintiff claims that because he has two pending habeas corpus actions and a pending civil rights action,[2] a transfer would violate Fed.R.App.P. 23(a). That rule provides in part: "pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."

Fed.R.App.P. 23(a) was "designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981). The concern of Rule 23(a) is to insure that the one proper respondent to a habeas petition has the ability to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004). Here, Plaintiff has failed to show that he has a habeas corpus petition pending review in the court of appeals. Accordingly, he has failed to demonstrate the applicability of Rule 23. Moreover, he has failed to demonstrate that a transfer to an out of state facility would divest a federal court of jurisdiction, as he would still be in the custody of the California

---

[2] He has not further identified or described these actions, or whether they are currently on review.

Department of Corrections. Plaintiff has failed to state a claim for relief under Rule 23(a).

**E. Plaintiff Has Failed to Demonstrate that Transfer Would Result in an Eighth Amendment Violation**

Plaintiff next claims that a transfer to some unidentified facility outside of California would result in a denial of access to medical care. Under the Eighth Amendment, the government has an obligation to provide medical care for prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff has not been denied medical care and cannot show that he would be denied medical care if transferred. His speculative concern does not state a claim upon which relief may be granted.

**F. Plaintiff Has Arguably Stated a Claim for Retaliation Against Defendant Gomez Only**

It is well-established that a prisoner's First Amendment right to file prison grievances and to pursue civil rights litigation in the courts is "of fundamental import." *Rhodes v. Robinson*, 408 F.3d 559, 567 (2005)(citing *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995)). Without these "bedrock constitutional guarantees," inmates would lack a viable mechanism to remedy prison injustices. *Rhodes*, 408 F.3d at 567. And because "purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*.

The Ninth Circuit has spelled out the five elements required to state a viable claim of First Amendment retaliation within the prison context: "(1) An assertion that a state actor took some adverse

6

action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68 (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).

Plaintiff has alleged that he has selected for transfer because of his repeated filing of grievances and lawsuits, and his assistance to other prisoners in filing grievances and lawsuits. He states that Defendant Gomez has repeatedly expressed impatience with request for legal paper, trust statements, and the setting up of conferences with court officials. While this may arguably be sufficient to state a claim against Defendant Gomez, there are no allegations of misconduct or retaliation against the other three defendants. Accordingly, the retaliation claim against Defendants Speer, Barber, and Gibbons must also be dismissed.

IT IS THEREFORE ORDERED as follows:

a. The complaint is dismissed without prejudice for the reasons stated above.

b. Plaintiff has until **April 15, 2011**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[3]  Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint." Plaintiff is advised that an amended complaint is a document stating one or more causes of action against

---

[3] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

7

1  one or more defendants.  Local Rule 15-2.  Pursuant to Fed.R.Civ.P.
2  8, Plaintiff should make a short and plain statement of the facts
3  underlying his claims and the nature of the relief he seeks. The
4  first amended complaint must be plainly written and legible without
5  scribbling in the margins.
6        c.   If Plaintiff fails to timely file the amended complaint,
7  or if the amended complaint fails to properly plead a cause of action
8  against Defendants, the action will be subject to being dismissed
9  with prejudice for failure to diligently prosecute or for failure to
10 state a claim, or both.
11       d.   The Court's deputy clerk shall serve on Plaintiff a copy
12 of this memorandum and order and a blank civil rights complaint form
13 bearing the case number assigned to this action and marked to show
14 that it is a "First Amended Complaint."  If Plaintiff chooses to
15 continue prosecuting this action, he must use this form to the extent
16 possible and not simply attach other documents to it and attempt to
17 incorporate claims by reference to the attachments.  He may, however,
18 attach a single additional page to detail his allegations, if
19 necessary.
20       e.   Upon receipt of a legally sufficient complaint, the court
21 will enter an order directing service upon the appropriately named
22 defendants.

Dated: March 23, 2011

                                       MARC L. GOLDMAN
                                       Marc L. Goldman
                                       United States Magistrate Judge